**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-2355

MARLOW L. BATES, SR.,

Plaintiff - Appellant,

v.

SAMSUNG ELECTRONICS AMERICA, INC.; SONY CORP OF AMERICA; L G
ELECTRONICS USA, INC.; MITSUBISHI ELECTRIC & ELECTRONICS USA
INC.; PANASONIC ELECTRIC WORKS CORP. OF AMERICA,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, Senior District
Judge.  (1:10-cv-03158-JFM)

Submitted:  April 23, 2012          Decided:  April 27, 2012

Before GREGORY, AGEE, and WYNN, Circuit Judges.

Remanded by unpublished per curiam opinion.

Marlow L. Bates, Sr., Appellant Pro Se.  Daniel P. Doty, Julie
Rebecca Rubin, ASTRACHAN GUNST AND THOMAS PC, Baltimore,
Maryland; David Ira Ackerman, SNR DENTON US LLP, Washington,
D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marlow L. Bates, Sr., seeks to appeal the district court's order granting Samsung's motion to dismiss his civil action. We remand for consideration of whether reopening of the appeal period is merited.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). The timely filing of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) extends the start of the appeal period until the entry of the district court's order adjudicating the Rule 59(e) motion. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on July 20, 2011. The order denying Bates's Rule 59(e) motion was entered on the docket on August 18, 2011. Bates filed a motion for an extension of time to file a notice of appeal on October 20, 2011, which the district court has not addressed. Bates filed a notice of appeal on December 7, 2011.

Bates's notice of appeal is clearly untimely. However, under Fed. R. App. P. 4(a)(6), the district court may

2

reopen the time to file an appeal if (1) the moving party did not receive notice of entry of judgment within twenty-one days after entry, (2) the motion is filed within 180 days of entry of judgment or within fourteen days of receiving notice from the court, whichever is earlier, and (3) no party would be prejudiced. In his motion for extension of time, Bates stated that he did not receive notice of the district court's denial of his Rule 59(e) motion until October 18, 2011. We accordingly remand for the limited purpose of permitting the district court to determine whether Bates's motion for an extension of time should be construed as a motion to reopen the appeal period, and if so, whether reopening is merited. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED